UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILNER JOSEPH,

      Movant,

vs.

UNITED STATES OF AMERICA,

      Respondent.
_____/

CASE NO. 08-61620-CIV-DIMITROULEAS
(04-60128-CR-DIMITROULEAS)

### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE AND ORDER WITHDRAWING REFERENCE

THIS CAUSE is before the Court on Movant's (Joseph)[1] August 31, 2008 Motion to Vacate. [DE-1]. The Court has considered the Court file and trial transcripts, along with the Pre-Sentence Investigation Report (PSIR) and finds as follows:

1. On June 1, 2004, Joseph, along with Ernst Eugene, was indicted and charged with Conspiracy to Possess with Intent to Distribute fifty (50) grams or more of crack cocaine, Possession with Intent to Distribute fifty (50) grams or more of crack cocaine and Possession with Intent to Distribute 500 grams or more of cocaine. [CR-DE-10].

2. On July 19, 2004, the Government filed a Notice of Intent to Rely on Prior Narcotics Convictions under 21 U.S.C. 851. [CR-DE-49]. That notice indicated that the minimum punishment on the first two counts would be twenty (20) years in prison. The prior qualifying narcotics conviction was Possession of Cocaine in case number 94-20979-CFB, where Joseph received a withholding of adjudication of guilt and two (2) years of drug offender probation in

---

[1] Apparently with the assistance of J. Carter.

1

1996.

3. On August 13, 2004, the Court conducted an evidentiary hearing on Joseph's Motion to Suppress. [CR-DE-67]. On August 17, 2004, the Court entered an order denying the Motion to Suppress [CR-DE-75].

4. After a five (5) day jury trial, Joseph was found guilty on all three counts on August 20, 2004. [CR-DE-85].

5. On August 30, 2004, the Court denied Joseph's Motion for New Trial. [CR-DE-90].

6. On September 20, 2004, Judge filed an objection to the 851 Notice. [CR-DE-92]. The Government's September 29, 2004 Reply indicated that 851's five (5) year statute of limitations mooted Joseph's objection. [CR-DE-93]. On October 7, 2004, the Court overruled Joseph's objection and found the 1996 conviction was appropriate for 851 consideration. [CR-DE-97].

7. The original PSIR, filed on October 19, 2004, found Joseph to be a career offender with a guideline range of 360 months to life. After defense counsel successfully argued that a prior conviction in 2000 for Felony Battery was for someone other than the Movant, a Revised PSIR was filed on October 26, 2004. With the new scoring, Joseph did not qualify as a career offender. [CR-DE-137, p. 4]. His new guideline range was calculated at 235 months to life, with a twenty (20) year mandatory on two counts. [CR-DE-137, p. 12].

8. On October 28, 2004, Joseph was sentenced to 240 months in prison on all three counts. [CR-DE-99].

9. On October 29, 2004, the Court formally granted the Government's 851 Notice. [CR-DE-100].

10. On May 30, 2007, the Eleventh Circuit Court of Appeals affirmed Joseph's Judgment

2

and Sentence. [CR-DE-142]. U.S. v. Joseph, 227 Fed. Appx. 833 (11th Cir. 2007). The U.S. Supreme Court denied certiorari on October 9, 2007. U.S. v. Joseph, 128 S. Ct. 411 (2007).

11. On October 9, 2008, Joseph's Motion to Vacate was received. [CR-DE-144].

12. In this Motion to Vacate, Joseph complains about both ineffective assistance of counsel and a 360 month sentence.

    A. First, Joseph complains that he was misadvised about his guidelines. He contends that he was told that if he pled guilty, he was facing 188-235 months and if he went to trial, he would be facing 262-327 months. Given the minor differences between two ranges, Joseph contends that he elected to go to trial. Joseph then contends that had he known that he was facing 360 months to life that he would have pled guilty rather than face the higher sentence. However, Joseph, or his legal assistant, erroneously believes that his final guideline range was 360 months to life and, more importantly, that he received 360 months in prison. Joseph's guidelines were adjusted by the Revised PSIR to 235 months to life, and he ultimately received a sentence of 240 months. Since Joseph has sworn that he would have pled guilty to a range of 262-327 months, no prejudice can be shown by counsel's advice, since Joseph went to trial and received a sentence of 240 months.

    B. Second, Joseph contends that the trial court erred in treating the crack cocaine guidelines as mandatory in violation of U.S. v. Booker, 543 U.S. 220 (2005). However, Booker has not been given retroactive application. Varela v. U.S., 400 F. 3d 864 (11th Cir. 2005). Moreover, the 100:1 ratio of crack cocaine did not affect Joseph's sentence as the 851 enhancement mandated a twenty (20) year minimum. See U.S. v. Coleman, 2008 WL 4150018 (11th Cir. Sept. 10, 2008). See also U.S. v. Brown, 259 Fed. Appx. 605, 608 (4th Cir. 2007);

3

U.S. v. Wheeler, 535 F. 3d 446, 458 (6th Cir. 2008). Any motion by defense counsel to consider the 100:1 ratio of crack cocaine to powder cocaine would not have affected the sentence in this case, as there was a mandatory twenty (20) year sentence.

    C. Third, Joseph contends that his 360 (really 240) month sentence was unconstitutionally enhanced and counsel was ineffective in not challenging his prior convictions. However, counsel did object, and the Court properly overruled the objection, 21 U.S.C. 851(e), [CR-DE-136, pp. 3-4]. Moreover, sentencing is not the right time to collaterally attack a prior conviction unless the prior conviction was obtained in violation of the right to counsel. U.S. v. Woolsey, 535 F. 3d 540, 550 (7th Cir. 2008). Finally, Joseph waived his objection to one conviction and his being on probation. [CR-DE-137, p. 12].

    D. Fourth, Joseph contends that he is actually innocent of a crack cocaine conspiracy, but concedes that he is guilty of a cocaine conspiracy. However, according to the PSIR, there was testimony that Joseph admitted to "cooking" 130 grams of crack cocaine. Inside the Dodge, that Joseph had been seen driving, was a baggie containing 11.7 grams of crack cocaine. The baggie was similar to one that Joseph had been seen carrying. Joseph had possession of keys to Apartment 291, in which the police found a kilogram of powder cocaine and $52,491. Joseph also had keys to a Honda in which police found twenty-four (24) baggies of crack cocaine. The police also had observed Joseph opening the passenger door of the Honda and removing a clear baggie, containing what the officers believed was crack cocaine. Co-Defendant Eugene and Movant Joseph were observed together in a Volkswagen, and they both proceeded to Apartment 291. Inside Joseph's shoes, $34,900.00 was found. Conspiracy can be established through circumstantial evidence. U.S. v. Gold, 743 F. 2d 800, 824 (11th Cir. 1984)

cert. denied, 469 U.S. 1217 (1985). Sufficient evidence of conspiracy to distribute crack cocaine existed. No prejudice has been shown; trial and appellate counsel could not have prevailed on a lack of sufficiency of evidence argument. In fact, trial counsel unsuccessfully argued insufficiency of evidence in his Motion for New Trial [CR-DE-89]. Finally, no prejudice has been shown, as all three counts had twenty (20) year concurrent sentences imposed.

    E. Fifth, Joseph makes five complaints about the cumulative effect of counsel's errors.[2] One, there is no indication that Joseph would have passed a polygraph or that the Court would have admitted the results of one as evidence. U.S. v. Henderson, 409 F. 3d 1293, 1301 (11th Cir. 2005) cert. denied, 546 U.S. 1169 (2006); U.S. v. Gilliard, 133 F. 3d 809, 811-12 (11th Cir. 1998); U.S. v. Piccinonna, 885 F. 2d 1529, 1536 (11th Cir. 1989); U.S. v. Fulks, 454 F. 3d 410, 434-35 (4th Cir. 2006) cert. denied, 127 S. Ct. 3002 (2007); U.S. v. Ross, 412 F. 3d 771, 773 (7th Cir. 2005). Two, Joseph's conclusory allegations of misconduct at page 370 of the trial transcript do not warrant any relief. Philip Morris testified that he was not aware of whether Joseph worked and that he saw Joseph just as much as the rest of the neighbors; counsel objected to the prosecutors' saying that Detective Schwartz did not have a badge around his neck; the objection was sustained. [CR-DE-133, p. 370]. Three, Joseph has not shown that the missing nurse witness was available or that the nurse would have provided material evidence. Moreover, the Court denied a request for a continuance to attempt to secure her testimony as the witness' testimony would have been cumulative. [CR-DE-133, pp. 392-396]. Four, no motion for mistrial during closing argument would have been granted. During the prosecutor's closing arguments

---

[2] Counsel is accused of being ineffective, yet he secured a recommendation of 240 months from the prosecutor; otherwise, the Court may have imposed a sentence of 262 months. [CR-DE-137, p. 18].

[CR-DE-133, pp. 406-415, 435-441], there were three objections. [CR-DE-133, pp. 407, 411, 441]; none were sustained. No motion for mistrial would have been granted. No improper argument was made by the prosecutor. Five, Joseph has not alleged how counsel's perceived inadequacies affected the motion to suppress. Daylight savings time explained the time difference on the tape. [CR-DE-135, p. 412]. The alleged discrepancies would not have changed this court's order.Finally, the evidence in the case was overwhelming.

Wherefore, Joseph's Motion to Vacate [DE-1] is Denied.

The Clerk shall close this case and deny any pending motions as moot.

The Reference to Magistrate [DE-2] is Withdrawn.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of October, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Wilner Joseph, #70895-004
c/o FCC
PO Box 1032
Coleman, Florida 33521-1032

Anne Schultz, AUSA
Patricia Diaz, AUSA
Honorable Patricia A. White, US Magistrate Judge